# FOR PUBLICATION



FILED
Apr 29 2014, 10:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JEREMIAH D. WILKES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 32A01-1303-CR-120 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HENDRICKS CIRCUIT COURT
The Honorable Jeffrey V. Boles, Judge
Cause No. 32C01-1107-FB-38

**April 29, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jeremiah D. Wilkes appeals his two convictions of Class B felony sexual misconduct with a minor.[1] He alleges the court's admission of hearsay and vouching testimony denied him his right to a fair trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the summer of 2010, thirty-year-old Wilkes cared for five children while the mothers of those children went out for the evening. After the four younger children went to sleep, fourteen-year-old W.V. played a game on his mother's computer, while Wilkes sat nearby using his own laptop. Wilkes asked W.V. to show his penis to Wilkes. W.V. said he would consider Wilkes' request, and W.V. returned to playing his video game. Thirty minutes later, Wilkes asked W.V. if he had decided, and W.V. said, "I guess." (Tr. at 305.) Wilkes pulled down W.V.'s pants and placed his mouth on W.V.'s penis. Wilkes asked W.V. if he had ever had a "blow job," (*id*. at 306), and proceeded to fellate W.V. Wilkes then sat on the couch and asked W.V. to put his mouth on Wilkes' penis. W.V. placed his mouth on Wilkes' penis, but "it tasted really bad." (*Id*. at 308.) Wilkes had W.V. use his hand to bring Wilkes to orgasm.

A few months later, in a conversation about whether a friend was bisexual, W.V. told the friend that he had been either raped or sexually abused by a man. Then, nearly a year after the incident, W.V. told his mother and an investigation began.

The State charged Wilkes with two counts of Class B felony sexual misconduct with a minor, and a jury found Wilkes guilty. The court imposed two concurrent eight-year

---

[1] Ind. Code § 35-42-4-9.

sentences, both to be served as three years executed and five years of probation.

## DISCUSSION AND DECISION

Wilkes alleges he was denied the right to a fair trial by the erroneous admission of hearsay and vouching testimony. We typically review allegations of error in the admission of evidence for an abuse of discretion. *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012). However, as Wilkes concedes, he did not object at trial to most of the evidence about which he now complains on appeal. Thus, he waived those allegations of error, *see id*., and we may not reverse his convictions unless he demonstrates fundamental error. *Id*. Error is fundamental error when it is a "blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. (quoting *Kimbrough v. State*, 911 N.E.2d 621, 634 (Ind. Ct. App. 2009)).

a.    Hearsay Testimony

Wilkes first alleges fundamental error from the presentation of hearsay testimony. Hearsay is a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801. G.H., one of W.V.'s classmates, testified that W.V. mentioned "he was raped or sexually abused by somebody."[2] (Tr. at 373.) A forensic interviewer testified W.V. disclosed a "sexual abuse incident," (*id*. at 389), "an encounter between him and an adult

---

[2] Wilkes also complains that the State referred to G.H.'s testimony in its opening argument. However, arguments of counsel are not evidence, *Bandini v. Bandini*, 935 N.E.2d 253, 265 (Ind. Ct. App. 2010), and the court so instructed Wilkes' jury. Counsel's general statements about G.H.'s expected testimony did not repeat any allegation or suggest G.H. would identify Wilkes. Accordingly, we cannot say counsel's reference to G.H.'s testimony prejudiced Wilkes.

3

male by the name of Jeremiah," (*id*. at 393), in which "they both performed blow jobs on one another." (*Id*. at 394.) W.V.'s pediatrician testified "I understood that he had been, uh, forced to have both penal [sic] oral contact with the penis inserted in his mouth and then also to have put his mouth on somebody's penis." (*Id*. at 407.) Finally, a physician report stated: "Per the god-father, [W.V.] recently disclosed to his mother that Jeremiah Wilkes, an adult male friend of [W.V.'s] mother, had 'used blackmail' to force him to give and receive oral-penile contact." ((State's Ex. 10 at 1.)

Assuming *arguendo* those statements were inadmissible hearsay, we cannot find fundamental error in their admission. W.V. was the first witness to testify, and he gave detailed testimony regarding the evening in question and was cross-examined by defense counsel. The brief statements from those other four sources did not provide any new evidence; rather, as Wilkes concedes, each of them provided testimony "consistent with W.V.'s . . . testimony." (Br. of Appellant at 6, 7, 8, & 9.) Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Mathis v. State*, 859 N.E.2d 1275, 1280 (Ind. Ct. App. 2007). Because the statements were cumulative of W.V.'s testimony, no fundamental error occurred from the admission of those statements. *See Nunley v. State*, 916 N.E.2d 712, 720 (Ind. Ct. App. 2009) (holding hearsay testimony d did not create reversible error where victim testified first, victim was subject to cross examination, and other witnesses provided only brief testimony consistent with testimony victim had already provided), *trans. denied*.

b.     Vouching Testimony

Wilkes also asserts error in the admission of alleged "vouching" testimony from Detective Terry Judy.  Indiana Evidence Rule 704(b) provides:  "Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions."  Under Rule 704(b), adults may not opine whether a particular child was "prone to exaggerate or fantasize about sexual matters [because] indirect vouching testimony is little different than testimony that the child witness is telling the truth."  *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012), *reh'g denied*.[3]

Detective Judy testified that W.V.'s reports were "consistent." (Tr. at 352.) Detective Judy indicated he told Wilkes he did not "see a reason why [W.V.] would come out and lie about this stuff . . .," (*id*. at 355), and Wilkes also did not know "why [W.V. would] make something like this up." (*Id*.) Finally, Detective Judy testified that he discussed with Wilkes whether there was any chance W.V.'s mother would have encouraged W.V. to make these allegations, but that he never asked W.V.'s mother about whether she had anything to do with the allegations because "I didn't figure it was relevant and I didn't believe that that was the case [because] this wasn't in [a] custody battle and uh I didn't believe that that was the reason that [W.V.] would have said this." (*Id*. at 360-61.)

---

[3] Although Wilkes cited the controlling Supreme Court precedent, *Hoglund*, 962 N.E.2d 1230, (Br. of Appellant at 9), the State did not acknowledge *Hoglund*.  It instead cited earlier decisions and asserted: "Our supreme court [ ] has made a distinction between direct and indirect vouching testimony, prohibiting the former but allowing the latter." (Br. of Appellee at 13 (quoting *Bradford v. State*, 960 N.E.2d 871, 875 (Ind. Ct. App. 2012).)  As the decisions on which the State relies are inconsistent with *Hoglund*, we decline to follow them.

5

These statements by Detective Judy amount to the type of indirect vouching that our Supreme Court held inadmissible in *Hogland*. *See Kindred v. State*, 973 N.E.2d 1245, 1258 (Ind. Ct. App. 2012) (holding opinions regarding whether the child victim was "coached," "truthful," "believable," and "wouldn't lie" constituted vouching prohibited by *Hogland*), *trans. denied*. However, the error in admitting the testimony was harmless.

"[E]rrors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." *Hogland*, 962 N.E.2d at 1238. Accordingly, error is harmless "if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Id*. In light of the other evidence in the record, the admission of this vouching testimony was harmless. *See*, *e.g*., *id*. at 1240 (holding no fundamental error in admission of vouching testimony from multiple witnesses).

    c.    <u>Cumulative Error</u>

Finally, Wilkes asserts the combination of those errors, taken cumulatively, constituted fundamental error. We disagree.

In support of his argument, Wilkes notes W.V. testified Wilkes was uncircumcised, while Wilkes and the medical professionals testified that Wilkes is circumcised. However, we decline to find fundamental error in the admission of the cumulative hearsay and the indirect vouching testimony discussed above simply because a teenager victim assigned the wrong medical to label his molester's penis. W.V. drew a picture that accurately depicts Wilkes' penis – including the relative size of the "flap of skin," (*id*. at 392), that W.V.

6

thought was foreskin. (*Compare* State's Ex. 5 (W.V.'s drawing) *with* State's Ex. 6 (photograph).) Because W.V.'s picture and explanation clarified why he inaccurately labelled Wilkes' penis as uncircumcised, we decline to find any additional prejudice in the admission of the evidence discussed above. *See*, *e.g.*, *Hoglund*, 962 N.E.2d at 1240 (holding no reversible error from admission of evidence where victim's testimony provided 'substantial evidence of [defendant's] guilt'").

## CONCLUSION

No fundamental error occurred from the admission of hearsay testimony that was merely cumulative of the victim's own testimony, and the vouching testimony was harmless in light of the weight of the evidence in the record. Even when considering all that evidence cumulatively, we hold no fundamental error occurred. Accordingly, we affirm Wilkes' convictions.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

7