**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 06 2014, 6:37 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WARREN WILLIAMS,              )
                             )
    Appellant-Defendant,     )
                             )
      vs.                 )    No. 49A02-1309-CR-746
                             )
STATE OF INDIANA,             )
                             )
    Appellee-Plaintiff.       )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1306-CM-38121

**October 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Warren Williams appeals his conviction after a bench trial of Class A misdemeanor resisting law enforcement.[1]  He asserts the court's erroneous admission of "course of the police investigation" evidence requires reversal of his conviction.  (Appellant's Br. at i.)  Because the evidence about which Williams complains was cumulative of other evidence admitted without objection, any error was harmless and, thus, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2013, Sergeant James Vaughn of the Beech Grove Police Department was dispatched to 606 Memorial Drive on a report Williams, who was wanted on a warrant, was at that location.  On the way to the scene, Sergeant Vaughn confirmed the validity of the warrant, which provided a description of Williams.  As Sergeant Vaughn and Officer Lee Huffman, both of whom were in full police uniform and marked police cars, pulled up to their destination, Sergeant Vaughn saw a person matching Williams' description running away from the area.  Sergeant Vaughn and Officer Huffman gave chase, and Officer Huffman yelled, at least twice, for Williams to "Stop, and get on the ground."  (Tr. at 27.)  Williams initially did not stop, but after a short while Sergeant Vaughn found Williams lying on the ground.  The officers confirmed Williams' identity and took him into custody.

The State charged Williams with Class A misdemeanor resisting law enforcement.  Sergeant Vaughn testified he "received information at roll call that Warren Williams who had a local warrant had been at [606 Memorial Drive] the previous day."  (*Id*. at 10.)  Williams objected, asserting that testimony was inadmissible hearsay.  The State argued the testimony

---

[1] Ind. Code 35-44.1-3-1(a)(3) (2012).

was offered to demonstrate why Sergeant Vaughn went to 606 Memorial Drive to look for Williams, not to demonstrate the truth of the information Sergeant Vaughn heard at roll call. The court admitted the testimony over Williams' objection. Sergeant Vaughn then testified that he checked the status of Williams' warrant on the way to 606 Memorial Drive and found the arrest warrant was still valid. The court convicted Williams of resisting law enforcement and imposed a 365-day sentence.

## DISCUSSION AND DECISION

Admission of evidence falls generally within the sound discretion of the trial court. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*. We review the admission of evidence only for an abuse of that discretion, which occurs if the court's decision was against the logic and effect of the facts and circumstances. *Id*. "[E]rrors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012), *reh'g denied*. Any possible harm from the erroneous admission of evidence is lessened when trial is to the court, sitting without a jury, because we presume the trial court disregarded inadmissible evidence and rendered its decision on the basis of relevant and probative evidence. *See Conley*, 972 N.E.2d at 873 ("We presume the trial judge . . . considers only evidence properly before him or her in reaching a decision.").

Williams asserts the court erroneously admitted Sergeant Vaughn's testimony that he received information at roll call about the existence of a warrant for Williams' arrest. Williams claims that testimony was inadmissible hearsay. Hearsay is a statement that: (1) is

3

not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801. Unless hearsay falls into one of a number of exceptions, it is inadmissible at trial. Evid. Rule 802.

We need not, however, decide whether Sergeant Vaughn's testimony about the information he received at roll call was inadmissible as hearsay because we do not reverse for the erroneous admission of hearsay testimony that was "merely cumulative of other evidence admitted." *Wilkes v. State*, 7 N.E.3d 402, 405 (Ind. Ct. App. 2014). At trial, Sergeant Vaughn also testified:

> Q      And how --- so --- you are at roll call. Find out there's a warrant.
> A      Correct.
> Q      What happens next?
> A      Well, we got dispatched later in the day to that address and we were told Warren Williams was at the address.
> Q      What --- how – how were you dispatched or how was that knowledge acquired?
> A      Over the radio.
> Q      All right. And was there a description given of Mr. Williams?
> A      Yes, we were given a description of a white male, five-ten with brown hair.
> Q      And what did you do after you received that dispatch?
> A      At that point, *I ran the warrant again to make sure that it was still valid. The warrant was.* At that point we proceeded over to the address.
> Q      And the information contained in the warrant, was it consistent with the information that you re --- you obtained at roll call?
> A      Yes.
> Q      Did the warrant give the description of the person who had an outstanding warrant?
> A      Yes.

(Tr. at 13-14) (emphasis added). Because Sergeant Vaughn testified that he checked the computer system and found a valid warrant for Williams' arrest, his testimony about what he

4

heard at roll call was "merely cumulative" of other information admitted, *see Wilkes*, 7 N.E.3d at 405, and accordingly, we need not reverse. *See id.* (finding no fundamental error in admission of cumulative evidence).

Affirmed.

KIRSCH, J., and BAILEY, J., concur.