## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2017, 5:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark A. Tyson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 16, 2017<br><br>Court of Appeals Case No.<br>49A02-1603-CR-472<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1405-MR-26845 |

**Barnes, Judge.**

# Case Summary

[1] Mark Tyson appeals his convictions for murder and Class C felony robbery. We affirm.

# Issues

[2] Tyson raises two issues, which we restate as:

    I.     whether fundamental error occurred as a result of identifications of Tyson by four witnesses; and

    II.    whether the evidence is sufficient to sustain Tyson's conviction for robbery.

# Facts

[3] In May 2014, Patrick Martin was carrying $10,000 in cash and showing it to people. Martin and his friend, Aleem Thomas, sold drugs together. Thomas told Martin that he should not "be walking around bragging about [the money]." Tr. p. 33. On May 19, 2014, Thomas met Martin at Angela Kosarue's house because someone was going to buy drugs from Martin there. The men often sold marijuana at Kosarue's house. While they were at her house, Martin got a phone call and went outside. When he came back inside, Keri Brewer and Tyson were with him. Thomas had seen the men before and knew that they had purchased drugs from Martin on three or four occasions. Kosarue also recognized Tyson as someone that she had seen talking to Martin about three times. Brewer was carrying a box cutter, and Tyson was carrying a shotgun. In the living room, Tyson pointed the gun at Thomas and told him

"to come off of everything." *Id.* at 44. Thomas gave him some marijuana and twenty dollars. Tyson also told Kosarue to give him everything, but she did not have anything to give him. Two of Kosarue's children, eleven-year-old P.P. and twelve-year-old K.P., heard noises and walked into the hallway. Tyson pointed the shotgun at them and told them to go back into their room. Tyson walked into the kitchen, where Brewer and Martin were located. Thomas heard Tyson tell Martin, "come up off everything. I know you got it. I know you got it." *Id.* at 47. Tyson then said, "Watch out, Bro. I'm about to get him up out of here," and shot Martin. *Id.* Tyson and Brewer then ran out of the house. When presented with a photo array, Thomas, Kosarue, P.P., and K.P. each separately identified Tyson as the man with the shotgun.

[4] The State charged Tyson with murder, felony murder, Class A felony robbery, and a sentencing enhancement for the use of a firearm. The State later dismissed the sentencing enhancement. With respect to the robbery charge, the State alleged that Tyson:

> did knowingly, while armed with a deadly weapon, that is: a gun, take from the person or presence of Patrick Martin and/or Aleem Thomas property, that is: cell phone and/or U.S. currency, by putting Patrick Martin and/or Aleem Thomas in fear or by using or threatening the use of force on Patrick Martin and/or said other individual which resulted in serious bodily injury, that is: gunshot wounds and stab wounds, to Patrick Martin.

Appellant's App. Vol. II p. 187.

[5]   At the jury trial, Thomas, Kosarue, P.P., and K.P. made in-court identifications of Tyson as the man who shot Martin. Tyson did not object to the evidence concerning the out-of-court photo array identifications or the in-court identifications. The jury found Tyson guilty as charged, and the trial court entered judgment of conviction for murder and Class C felony robbery. The trial court sentenced Tyson to sixty-eight years in the Department of Correction. Tyson now appeals.

## Analysis

### I. Identifications

[6]   Tyson argues that fundamental error occurred as a result of the "impermissibly suggestive out-of-court identifications made by four of the State's witnesses when viewing a photo array." Appellant's Br. p. 15. In particular, Tyson argues that a detective used methods in obtaining a photo array identification of Tyson from Thomas that "raised a substantial likelihood of misidentification, given the totality of the circumstances." *Id.* at 18. According to Tyson, the out-of-court identification "taint[ed] all further identifications, including [Thomas's] in-court identification of Tyson." *Id.* at 17. Tyson then argues that "it is reasonable to assume" that the detective used the same procedure when he showed the photo arrays to Kosarue, P.P., and K.P. *Id.* at 18.

[7]   Tyson did not object to the admission of evidence concerning the out-of-court photo array identifications of him by Thomas, Kosarue, P.P., or K.P. or the in-court identifications. Because Tyson failed to object, he may avoid waiver only

by demonstrating that fundamental error occurred. *Griffith v. State*, 59 N.E.3d 947, 956 (Ind. 2016). "Error is fundamental if it is 'a substantial blatant violation of basic principles' and where, if not corrected, it would deny a defendant fundamental due process." *Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016) (quoting *Wright v. State*, 730 N.E.2d 713, 716 (Ind. 2000)). "This exception to the general rule requiring a contemporaneous objection is narrow, providing relief only in 'egregious circumstances' that made a fair trial impossible." *Id.* (quoting *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013)).

[8] Even if we were to assume that the admission of Thomas's out-of-court identification of Tyson was erroneous and tainted his in-court identification of Tyson, we cannot conclude that fundamental error occurred. Thomas's out-of-court and in-court identifications of Tyson were cumulative of the out-of-court and in-court identifications of Tyson by Kosarue, P.P., and K.P. We disagree with Tyson's assertion that it is reasonable to assume the alleged irregularities in Thomas's out-of-court identification of Tyson also occurred in Kosarue, P.P., and K.P.'s out-of-court identifications of Tyson. There was simply no evidence presented of irregularities in Kosarue, P.P., and K.P.'s identifications. Because the evidence at issue was cumulative of several other identifications of Tyson as the shooter, no fundamental error occurred by the admission of Thomas's identifications of Tyson. *See Wilkes v. State*, 7 N.E.3d 402, 405 (Ind. Ct. App. 2014) ("Because the statements were cumulative of W.V.'s testimony, no fundamental error occurred from the admission of those statements.").

## *II. Sufficiency of the Robbery Conviction*

Next, Tyson argues that the evidence is insufficient to sustain his conviction for Class C felony robbery. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

Although Tyson was charged with Class A felony robbery, the trial court entered his judgment of conviction as a Class C felony. At the time of Tyson's offense, the robbery statute provided: "A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Class C felony." Ind. Code § 35-42-5-1 (amended by Pub. L. No. 158-2013, § 450 (eff. July 1, 2014)). The charging information alleged that Tyson knowingly took "from the person or presence of Patrick Martin and/or Aleem Thomas property, that is: cell phone and/or U.S. currency, by putting Patrick Martin and/or Aleem Thomas in fear

or by using or threatening the use of force on Patrick Martin and/or said other individual . . . ." Appellant's App. Vol. II p. 187.

[11] On appeal, Tyson argues that the State failed to prove that he took anything from Martin. However, the charging information alleged alternatively that Tyson took property from Thomas. The State presented evidence that Tyson took money and marijuana from Thomas. Consequently, the evidence is sufficient to sustain his conviction.

## Conclusion

[12] No fundamental error occurred in the admission of the identifications of Tyson, and the evidence is sufficient to sustain Tyson's conviction for robbery. We affirm.

[13] Affirmed.

[14] Kirsch, J., and Robb, J., concur.