## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 09 2018, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| George F. Hauk, IV, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 9, 2018 <br><br> Court of Appeals Case No. <br> 70A05-1710-CR-2437 <br><br> Appeal from the Rush Circuit Court <br><br> The Honorable David E. Northam, Judge <br><br> Trial Court Cause No. <br> 70C01-1705-F3-343 |

**Crone, Judge.**

# Case Summary

[1] George F. Hauk, IV, appeals his conviction for level 3 felony rape following a jury trial. Hauk argues that the court committed fundamental error in admitting evidence. Finding no fundamental error, we affirm.

# Facts and Procedural History

[2] The evidence most favorable to the verdict shows that M.B. went to Hauk's house in early April 2016. Hauk, his wife, another woman who lived on the property, and Hauk's friend Aron Alexander were all there, and it was M.B.'s first time meeting everyone except Alexander. Shortly after M.B. arrived, everyone went upstairs, where she, Alexander, and Hauk played pool while the other two women sat and talked to each other.

[3] After about thirty minutes, Hauk's wife and the other woman said they were going to eat and went downstairs. Hauk told M.B. that he wanted to show her something in the attic, and along with Alexander, they made their way to the attic. Hauk walked over to M.B., started kissing her neck and face, and pulled down her pants. M.B. pushed Hauk off, but Alexander grabbed her arms and held them behind her. Hauk penetrated M.B.'s vagina with his fingers. M.B. yelled for the two men to get off her, which they did, pulled up her pants, went downstairs to collect her belongings, and went home.

[4] The next morning, the following text message conversation took place between Alexander and M.B.:

[Alexander]: Good morning beautiful.

[M.B.]: Aaron I really honestly don't want to talk to you! I'll have you know, I'm taking this shit that happened the other day pretty hard and I will not continue to hold that on my shoulders. I don't deal with that kind of shit and I won't! I'm more valuable than you and your friend is giving me credit for! I'm taking this to another level now and I don't want to talk to you. I've told you now 3 times I don't want to talk to you and you continue to think something is going to change. It's not.

[Alexander]: Ok I'm sorry I'll leave you alone I apologize for my friend nd I'm actually not stayin with him anymore cause of that reason but have a nice day it was nice meeting you

[M.B.]: I honestly should take it to the police

[Alexander]: I done told him I was cause of wat he did cause that was fucked up and I told his wife she flipped nd I even tried to stop it.

[M.B.]: No you didn't you carried me by my hands to the closet. Don't even fucking try that. I didn't even know you or him. I'm fucking worth more than that. You're both fucking low life's

State's Ex. 1.

[5]     M.B. reported the incident to the police, and Hauk was charged with level 3 felony rape and level 6 felony sexual assault. At trial, the court admitted the text message conversation into evidence over Hauk's objections of insufficient foundation. Both M.B. and Alexander testified as witnesses for the State, and both acknowledged sending the text messages at issue, which eliminated Hauk's

insufficient foundation concerns. Alexander acknowledged that he had also been charged with the rape and sexual battery of M.B., and that he agreed to testify in hopes of getting "a better deal." Tr. Vol. 2 at 48. During deliberations, the only evidence the jury requested to review was the text messages, which the court denied. The jury found Hauk guilty of rape and sexual battery, and the trial court vacated the sexual battery charge. He was sentenced to seven years. This appeal ensued.

## Discussion and Decision

[6] Hauk's sole argument is that the trial court erred in admitting the text messages. He contends that the messages constitute inadmissible hearsay, but concedes that he did not object on hearsay grounds at trial. He therefore argues that the admission of the messages constituted fundamental error.

[7] To qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind. 2000). "[T]he error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Id*.

[8] Hauk argues that the text messages constitute inadmissible hearsay, and the State does not disagree. He contends that the admission of the messages was prejudicial because it bolstered M.B.'s credibility with the jury, and a fair trial was effectively impossible. Hauk furthers this contention by suggesting that the messages played a pivotal role in bolstering M.B's credibility with the jury

because the jury requested to review the messages. The "[a]dmission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted." *Wilkes v. State*, 7 N.E.3d 402, 405 (Ind. Ct. App. 2014). Cumulative evidence that is consistent with the victim's testimony and does not elaborate on the testimony is not grounds for reversal. *Nunley v. State*, 916 N.E.2d 712, 720 (Ind. Ct. App. 2009). Here, M.B's and Alexander's testimony did not contradict the text messages, and the text messages did not elaborate on the testimony. Hauk has not shown that M.B. had any reason to fabricate her testimony, and the jury was made aware of Alexander's motive for testifying.[1] Hauk merely speculates as to the jury's reason for requesting the text messages during deliberations. Because the messages were consistent with and cumulative of M.B.'s and Alexander's testimony, no fundamental error occurred in the admission of those text messages. Accordingly, we affirm Hauk's conviction.

[9] Affirmed

Bailey, J., and Brown, J., concur.

---

[1] We reject Hauk's request to consider evidence outside the record regarding Alexander's post-trial guilty plea proceedings.