## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2016, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leandale Glenn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2016<br><br>Court of Appeals Case No.<br>49A05-1512-CR-2105<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Barbara Crawford, Judge<br><br>Trial Court Cause No.<br>49G09-1412-F6-55420 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Leandale Glenn was convicted of theft as a Level 6 felony. Glenn appeals, raising the sole issue of whether the evidence is sufficient to support his conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On December 17, 2014, a Marsh Supermarket loss prevention officer ("LPO") was monitoring a security camera feed when he observed Glenn select a jar of moonshine and remove the jar's lid in the middle of the liquor section. Glenn consumed about three-quarters of the moonshine and returned the jar to the shelf. He then walked to the front of the store, passed the cash registers, and entered the restroom. The LPO followed Glenn into the restroom to confront him about the moonshine. Glenn smelled of alcohol and appeared to be intoxicated. Glenn admitted he drank the moonshine and could not pay for it, so the LPO called the police.

[3] The State charged Glenn with theft with a prior conviction, a Level 6 felony. At the conclusion of a bench trial, the trial court found Glenn guilty as charged. The trial court sentenced Glenn to 545 days, with 180 days served in community corrections and 365 days suspended to probation. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[4] In reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider only the evidence supporting the judgment and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (citation omitted). A theft conviction may be sustained by circumstantial evidence alone "if that circumstantial evidence supports a reasonable inference of guilt." *Hayworth v. State*, 798 N.E.2d 503, 507 (Ind. Ct. App. 2003).

## II. Sufficiency of Evidence

[5] A person commits theft when he "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a). The offense is a Level 6 felony if the person has a prior unrelated conviction for theft or criminal conversion. Ind. Code § 35-43-4-2(a)(1)(C). Glenn argues the evidence is insufficient to support his conviction because the State failed to prove the moonshine was the property of another or that his control over it was unauthorized. We disagree.

[6]     Glenn argues the State failed to establish the moonshine was the property of another because there was no evidence disproving the possibility that Glenn carried the jar into the store. We decline his invitation to reweigh the evidence. The LPO testified he observed Glenn remove the jar of moonshine from a shelf inside the store and then return the jar to the shelf once he consumed most of its contents. This testimony is sufficient evidence from which the trial court could reasonably infer the moonshine belonged to Marsh.

[7]     Glenn further argues the State failed to prove his control was unauthorized because the LPO "could not possibly have known" whether any of Marsh's other employees gave Glenn permission to drink the moonshine. Brief of Appellant at 10. "Unauthorized" control refers to control that is "without the other person's consent" or "in a manner or to an extent other than that to which the other person has consented." Ind. Code § 35-43-4-1(b)(1), (2). The LPO observed Glenn drink the moonshine and then return the mostly empty jar to the shelf. When the LPO confronted Glenn, Glenn admitted he drank the moonshine and stated he could not pay for it. At trial, the LPO recounted this sequence of events and testified Glenn consumed the moonshine without Marsh's permission. The LPO's testimony is sufficient evidence from which the trial court could reasonably infer Glenn's control of the moonshine was "unauthorized." Glenn's statement that he could not pay for the moonshine would make no sense if he had acted with the store's permission, and it is reasonable to infer Marsh did not give Glenn permission to guzzle the moonshine in the middle of the liquor section without paying for it. Glenn's

argument to the contrary is again nothing more than a request for this court to reweigh the evidence.

# Conclusion

[8] The evidence is sufficient to support Glenn's conviction for theft. We therefore affirm.

[9] Affirmed.

Najam, J., and Crone, J., concur.