

FILED

Mar 24 2015, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT
Barbara J. Simmons
Oldenburg, Indiana

Ruth Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

---

No. 49S02-1410-CR-617

DRAKKAR R. WILLIS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

---

Appeal from the Marion Superior Court, Criminal Division, No. 49F25-1301-CM-004568
The Honorable Clark Rogers, Judge

---

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1310-CR-854

---

**March 24, 2015**

**Rucker, Justice.**

Drakkar R. Willis challenges the sufficiency of the evidence supporting his conviction for Class A misdemeanor criminal trespass. We reverse.

**Facts and Procedural History**

Working the late shift on Friday, January 18, 2013, Officer Christopher Clouse of the Indianapolis Metropolitan Police Department was dispatched to the Watkins Family Recreation Center. A security alarm at the Center had been activated. While en route Officer Clouse received an additional dispatch declaring the alarm company reported hearing "[v]oices and noises" coming from inside the building. Tr. at 5. Arriving on the scene Officer Clouse observed a black male, later identified as Willis, "running in a field that was just west of the building," tr. at 7, about "a hundred yards away . . . ." Tr. at 6. Despite attempts by the State to suggest that the Officer observed Willis running out of the building,[1] the officer was explicit: "I didn't see him come out of the building, no, ma'am." Tr. at 7. In fact Officer Clouse testified that when he broadcast a description of the person he saw running in the field, he did not recall whether he said the individual was running through the field or running from the building. He opined however, "[i]t probably would have said . . . because I didn't see him come from the building. I probably would have said there's a subject running westbound in the field." Tr. at 8 (omission in original). In any event other officers arrived in the area apprehending and arresting Willis. Entering the Center, Officer Clouse observed that a vending machine had been broken into and glass-like items were strewn throughout the building. An Indianapolis Parks and Recreation supervisor testified that the Center closes at eight o'clock on Fridays and no one other than property managers or police officers have permission to enter the building after hours. Apparently Willis was neither.

On January 28, 2013, the State charged Willis with criminal trespass as a Class A misdemeanor. After a bench trial held on September 16, 2013, the trial court found Willis guilty as charged and subsequently sentenced him to 365 days in the Marion County jail with forty-five days suspended to probation. Willis appealed challenging the sufficiency of the evidence. In a

---

[1] [State]: "Can you please describe the individual that you saw running out of the back of that building?" Tr. at 5. [State]: "And did . . . were you able to identify that person as the same person you observed running from the building?" Tr. at 6.

divided opinion the Court of Appeals affirmed the judgment of the trial court.  See Willis v. State, 13 N.E.3d 460 (Ind. Ct. App. 2014).  Having previously granted transfer thereby vacating the Court of Appeals opinion, see App. Rule 58(A), we now reverse the trial court's judgment.

**Discussion**

We recite our familiar standard for reviewing the sufficiency of the evidence needed to support a criminal conviction.  First, we neither reweigh the evidence nor judge the credibility of witnesses.  Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).  Second, we only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence."  Id. (quoting Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008)).  A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  Id.  "It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling."  Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005) (citations omitted).

The State charged Willis with criminal trespass under the provision of Indiana Code section 35-43-2-2(a)(4) which provides:  "A person who . . . knowingly or intentionally interferes with the possession or use of the property of another person without the person's consent . . . commits criminal trespass, a Class A misdemeanor."[2]  See App. at 22.  Willis contends the evidence is not sufficient to show that he interfered with the possession or use of the property of the Watkins Family Recreational Center.  According to Willis, "the State must show that Mr. Willis was actually on or in the recreational center in order to have interfered with the use and possession of the property as charged . . . .  In the present case, there was insufficient evidence to show that Mr. Willis was ever on or in the property of the Watkins Family Recreational Center."

---

[2] This statutory provision was recently amended effective July 1, 2014.  It is now codified at Indiana Code section 35-43-2-2(b)(2).

Br. of Appellant at 6. The State counters that it was not required to produce direct evidence that Willis was on or in the Center. Instead, according to the State, "[a] conviction can be based on circumstantial evidence, and the reasonable inferences that can be drawn from that evidence, to support a conviction." Br. of Appellee at 5 (emphasis omitted) (citing Peters v. State, 959 N.E.2d 347, 355 (Ind. Ct. App. 2011) (sustaining conviction for unlawful possession of a handgun where there was no direct evidence of possession)). We have no quarrel with this general proposition. Indeed we have held "[a] conviction . . . may be based purely on circumstantial evidence." Moore v. State, 652 N.E.2d 53, 55 (Ind. 1995), reh'g denied. And it is "not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Meehan v. State, 7 N.E.3d 255, 257 (Ind. 2014) (quotation and alteration omitted).

Here, asserting that Willis was running from the crime scene the State contends "evidence of flight is relevant as circumstantial evidence of a defendant's guilt." Br. of Appellee at 5 (citing Maxey v. State, 730 N.E.2d 158, 162 (Ind. 2000) (finding error, if any, harmless in allowing testimony that police apprehended defendant out of state)). However, this Court has held "[t]he fact that a defendant flees or does not flee does not indicate either guilt or innocence of itself . . . ." Dill v. State 741 N.E.2d 1230, 1232-33 (Ind. 2001) (finding trial court error in giving the jury a flight instruction). We elaborated, "it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses." Id. at 1233 (quoting Alberty v. United States, 162 U.S. 499, 511 (1896)) (alteration omitted). Thus, something more than running from the scene is necessary in order to infer Willis' guilt.

On this score, the State implies that Willis' presence at the scene represents additional circumstantial evidence to support the conviction. See Br. of Appellee at 6 (declaring "the evidence strongly supports the reasonable inference that Willis had been inside the recreation center when the alarm sounded . . . ."). We make the following observations. First, there is nothing in the trial transcript establishing that Willis was present at the recreation center—the crime scene—but rather he was spotted in a field about "a hundred yards away." Tr. at 6. Second, assuming for the sake of argument that Willis' presence in the field was "close enough"

4

for our purposes, the State's argument still fails. "Mere presence at the crime scene with the opportunity to commit a crime is not a sufficient basis on which to support a conviction." Pratt v. State, 744 N.E.2d 434, 436 (Ind. 2001). Instead, presence at the scene in connection with other circumstances tending to show participation, such as companionship with the one engaged in the crime, and the course of conduct of the defendant before, during, and after the offense, may raise a reasonable inference of guilt. Maul v. State, 731 N.E.2d 438, 439 (Ind. 2000). Here, there were no other circumstances presented to the trier of fact raising a reasonable inference of guilt.

In sum, at best the record shows that Willis was running in a field near a recreation center sometime after the burglar alarm was activated. To be sure this conduct may have been considered suspicious, and perhaps Willis may even have had the opportunity to interfere with the possession and use of the recreation center without the owner's consent. But "[a] reasonable inference of guilt must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla." Mediate v. State, 498 N.E.2d 391, 393 (Ind. 1986); see also Vasquez v. State, 741 N.E.2d 1214, 1216 (Ind. 2001) ("An inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility." (quotation and alteration omitted)). It appears to us that the evidence in this case is insufficient to sustain Willis' conviction for criminal trespass.

**Conclusion**

We reverse the judgment of the trial court.

Rush, C.J., and Dickson, David and Massa, JJ., concur.

5