

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Jordan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 13, 2017<br><br>Court of Appeals Case No.<br>49A02-1608-CR-1730<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina R. Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1604-CM-14330 |

**Najam, Judge.**

## Statement of the Case

[1]     Thomas Jordan appeals his conviction for invasion of privacy, as a Class A misdemeanor, following a bench trial.  Jordan presents two issues for our

review, which we consolidate and restate as whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

[2] Jordan and Myra Price met in 2009, and they had a child together out of wedlock, Z.P. Jordan established his paternity, and, in July 2015, he and Price submitted to the trial court an agreed entry as to parenting time ("parenting time order"). On April 11, 2016, Price petitioned the trial court for an *ex parte* order for protection ("protective order") against Jordan, and the court granted the order the same day. The protective order "enjoined" Jordan from: "threatening to commit or committing acts of domestic or family violence, [or] stalking or a sex offense against [Price]"; and harassing, annoying, telephoning, contacting, or directly or indirectly communicating with Price. State's Ex. 1. The protective order also stated that it was "not intended to interfere with any parenting time/child visitation orders issued by any other court." *Id.*

[3] On April 12, an officer with the Indianapolis Metropolitan Police Department ("IMPD") went to Jordan's house and told him that Price had obtained the protective order against him, that he would "no longer be permitted to contact" Price, and that he would receive the protective order by mail. Tr. Vol. 2 at 33. Nonetheless, on April 13, Jordan called Price's telephone number and left her a voicemail message. In that four-minute-long message, Jordan acknowledged that he had been notified about the protective order; offered Price a "one time only deal" to renegotiate the parenting time agreement to involve third parties in custody exchanges; told her that, "against [his] better judgment," he would

let her choose the third party, but that it could not be a boyfriend; told her to "take some time and be a grownup"; and told her that if she did not agree, it was going to be "one nasty battle" and that the judge was going to "hear everything." State's Ex. 2.

[4] The State charged Jordan with two counts of invasion of privacy, as Class A misdemeanors, for violation of the protective order.[1] Following a bench trial, the trial court found Jordan guilty of one count, but not guilty of the second count. The court entered judgment of conviction and sentenced Jordan accordingly. This appeal ensued.

## Discussion and Decision

[5] Jordan contends that the State presented insufficient evidence to support his conviction. Our standard for reviewing the sufficiency of the evidence needed to support a criminal conviction is as follows:

> First, we neither reweigh the evidence nor judge the credibility of witnesses. Second, we only consider the evidence supporting the [judgment] and any reasonable inferences that can be drawn from such evidence. A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and

---

[1] The second count was based on a text message Jordan had sent to Price.

we consider conflicting evidence most favorably to the trial court's ruling.

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015) (citations and quotation marks omitted).

[6] To prove invasion of privacy, as a Class A misdemeanor, the State was required to show that Jordan knowingly or intentionally violated the protective order against him. *See* Ind. Code § 35-46-1-15.1 (2015). Jordan first contends that the voicemail "did not violate the *ex parte* protective order because what he said in it only related to parenting time and child custody with his daughter[.]" Appellant's Br. at 15. He maintains that, in his voicemail, he "sought to accomplish only one goal: to respect and acquiesce to Price's desire for a protective order against him while still maintaining his right to see his child." *Id.* at 16-17. Jordan also contends that his conviction cannot stand because he had insufficient notice of the terms of the protective order. We address each contention in turn.

[7] Initially, we note that this appeal illustrates the conflict inherent in a court order prohibiting contact between parents who have to communicate about parenting time issues. As Jordan points out, the trial court explicitly included in the protective order a provision stating that it was "not intended to interfere with any parenting time/child visitation orders[.]"[2] State's Ex. 1. Thus, Jordan

---

[2] To the extent Jordan contends that the trial court did not "defer" to the parenting time agreement, we reject that contention. Appellant's Br. at 17. First, Jordan's reliance on the trial court's vague comments in

maintains, and we agree, that the protective order permitted him to contact Price regarding parenting time issues. But the evidence supports the trial court's finding that Jordan's voicemail exceeded the scope of what was necessary to communicate with Price about parenting time.

[8] Jordan's voicemail message was not merely an attempt to arrange his next visit with Z.P. or discuss issues related to the parenting time agreement. Rather, Jordan used aggressive words, including *ad hominem* attacks on Price, in the course of asking her to renegotiate the parenting time agreement. In particular, Jordan: offered Price a "one time only deal"; said that if they tried to coparent without a third party to handle custody exchanges "it's gonna get ugly"; said that the third parties "can't be boyfriends and all that other sh**"; accused Price of "want[ing] to be the boss of everybody"; told her to "take some time and be a grownup"; said that if she did not agree, there would be "one nasty battle" that would "really tear [her] ass up in court" and he would tell the judge "everything that has went on [sic]." State's Ex. 2. We reject Jordan's contention that "what he said in [the voicemail] only related to parenting time and child custody[.]" Appellant's Br. at 15. Jordan's right to parent Z.P. does not include the right to harass Price, and a reasonable fact-finder could have concluded from the evidence that Jordan's communication with Price by voicemail went beyond merely discussing parenting time.

---

denying his motion for involuntary dismissal is misplaced. And, second, the trial court's finding that Jordan's voicemail "went far beyond any discussion of the child" indicates that the court was well aware that the protective order was "not intended to interfere with any parenting time/child visitation orders issued by any other court." Tr. Vol. 3 at 6; State's Ex. 1.

[9]     Still, Jordan asserts that, because he was only told about the protective order and did not have a copy of the written order when he left the voicemail message, he "had insufficient notice of the protective order's terms." *Id.* at 19. Jordan acknowledges that proper service of an *ex parte* order is not required to prove that a respondent has knowledge of the order. As Jordan points out, oral notice of a protective order may be sufficient if it includes an "adequate indication of the order's terms." *Tharp v. State*, 942 N.E.2d 814, 818 (Ind. 2011). But the oral notice need not include notice of every specific action prohibited by the protective order. *Smith v. State*, 999 N.E.2d 914, 916 (Ind. Ct. App. 2013), *trans. denied*. Still, Jordan maintains that oral notice must give some indication of the order's terms.

[10]    Jordan testified that, on April 12, 2016, an IMPD officer told him that Price had obtained a protective order against him and that he would receive it in the mail. The officer also told him that when he got the order, he would no longer be able to contact Price.[3] On appeal, Jordan maintains only that that notice was inadequate because he was not told "of *any* specific action prohibited by the protective order." Appellant's Br. at 24 (emphasis original). But, again, Jordan testified that the officer told him that he could not contact Price, which is exactly what he did when he left her the voicemail message.

---

[3] Jordan makes no contention on appeal that he thought that he would only be prohibited from contacting Price after he received the protective order in the mail. In other words, he makes no contention that he was not aware that the protective order was in effect when the officer told him about it.

In *Smith*, where a police officer told the defendant that a court had issued a protective order against him and that he could not have any contact with the protected person, we rejected the defendant's argument on appeal that he did not have actual knowledge of the order because the officer did not inform him of each of the specific terms of the order. 999 N.E.2d at 917. We likewise reject Jordan's contention on this issue here. The State presented sufficient evidence to support Jordan's conviction.

Affirmed.

Riley, J., and Bradford, J., concur.