## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mark S. Olivero
Fort Wayne, Indiana

Benjamin E. Nordmann
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Marks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 14, 2020

Court of Appeals Case No.
19A-CR-2674

Appeal from the
DeKalb Superior Court

The Honorable
Kevin P. Wallace, Judge

Trial Court Cause No.
17D01-1809-F6-314

**Vaidik, Judge.**

# Case Summary

[1] Christopher Marks was convicted of Level 6 felony nonsupport of a dependent child. He now appeals, arguing that the evidence is insufficient to support his conviction. We affirm.

# Facts and Procedural History

[2] Marks and M.V. have one child, M.C.M. ("Child"), who was born in March 2012. Marks signed a paternity affidavit at the hospital. At the time of Child's birth, Marks worked part-time while he attended college. In September 2012, M.V. filed a petition to establish paternity and child support. In February 2013, the trial court issued an order establishing paternity in Marks and ordering him to pay $40/week in child support.

[3] About a year later, in January 2014, M.V. filed a motion to modify child support because Marks had obtained his associate degree in computer science and started a full-time job making $35,000/year. In February 2014, the trial court issued an order increasing Marks's child support to $135/week.

[4] In December 2015, Child was placed with Marks because M.V. was having mental-health issues. Marks had custody of Child until April 2016, when he was placed with M.V.'s parents. During the four-month period that Marks had custody of Child, his child-support obligation was abated.

[5] In July 2016, the State filed a petition for rule to show cause, alleging that Marks had failed to pay child support. In October 2016, the trial court issued

an order finding that Marks was in arrears in child support, admitted that he had not paid any child support since May 2016, and was employed and had the ability to pay. Accordingly, the court concluded that Marks had willfully and intentionally failed to abide by the court's order requiring him to pay child support and found him in contempt. The court ordered him to serve fifteen days in jail but said that Marks could purge himself of the contempt. The court stayed the jail sentence pending a review hearing in January 2017.

[6] Also in October 2016, the DeKalb County Title IV-D Office sent an income-withholding order to Marks's employer, but Marks told his employer not to garnish his wages. He was fired in December 2016.

[7] On January 31, 2017, Marks paid $500 to purge himself of the contempt. As Marks admits on appeal, this is the last child-support payment that he made.

[8] In July 2017, Child was returned to M.V. Almost one year later, in September 2018, the State charged Marks with Level 6 felony nonsupport of a dependent child. Specifically, the State alleged that between January 31, 2017 (when Marks paid the $500 to purge himself of the contempt) and August 13, 2018, Marks failed to pay child support and was $16,420.09 in arrears.

[9] A jury trial was held in September 2019. At the time of trial, Marks was forty-two years old, and Child was seven. In addition, Marks was not employed and had not been since he was fired nearly three years earlier. Marks represented himself but had standby counsel. Eileen Marks, Marks's mother, testified on direct examination that Marks hadn't worked since December 2016 and that

she "totally" supported him, paying for his food, clothing, shelter, and medical care. Tr. p. 128. Eileen also testified that Marks suffered from depression and panic attacks and that he had tried to find employment but was unsuccessful. According to Eileen, Marks couldn't support himself or Child. On cross-examination, the State asked Eileen why Marks couldn't get a job in the "hot" computer field, especially when the unemployment rate was so low. *Id.* at 135. Eileen answered that Marks couldn't get a job because he didn't have a driver's license. At the conclusion of Eileen's testimony, the jury asked her why her son couldn't get a job working from home, and she responded that he didn't have internet at home (although she testified earlier that he had an X-box One at home).

[10] During final instructions, the trial court instructed the jury as follows:

> It is a defense to the charge of non-support of a dependent child that the Defendant was unable to provide support.
>
> The Defendant has the burden of proving, by the greater weight of the evidence, that the Defendant was unable to provide support.

Appellant's App. Vol. II p. 113. The jury found Marks guilty as charged, and the trial court sentenced him to two years, all suspended to probation.

## Discussion and Decision

[11]    Marks contends that the evidence is insufficient to support his conviction for Level 6 felony nonsupport of a dependent child. Specifically, he argues that he met his burden of proving that he was unable to provide support. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the verdict and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[12]    A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a dependent child, a Level 6 felony. Ind. Code § 35-46-1-5(a). However, it is an affirmative defense that the defendant was unable to provide support. *Id.* at (d); *see also Stephens v. State*, 874 N.E.2d 1027, 1034 (Ind. Ct. App. 2007), *trans. denied*. The defendant bears the burden of proving his inability to provide support. *Stephens*, 874 N.E.2d at 1034.

[13]    Here, the jury reasonably rejected Marks's defense that he was unable to provide support. The record shows that Marks had a full-time job making $35,000/year. When the State sent an income-withholding order to his

employer, he told his employer not to garnish his wages. He was fired in December 2016. Although Eileen testified that Marks suffered from depression and panic attacks and couldn't find a job, Marks presented no other evidence to support his mother's claims. Marks did not offer any mental-health or medical records showing that he suffers from a condition that would prevent him from working. Indeed, Eileen testified that Marks **would** have a job if he had his driver's license or internet. In addition, Marks did not offer any evidence of job applications that he had submitted or any other evidence that he had been seeking employment. Finally, Marks never filed a motion to modify his child-support obligation. This evidence shows that Marks was unwilling to provide support—not that he was unable to do so. We therefore affirm Marks's conviction for Level 6 felony nonsupport of a dependent child.

[14] Affirmed.

May, J., and Robb, J., concur.