## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 15 2020, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Hanson
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mickey D. Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 15, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2811<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy Davis, Judge<br><br>Trial Court Cause No.<br>02D04-1905-F6-639 |

**Tavitas, Judge.**

## Case Summary

[1]  Mickey Davis appeals his conviction for theft, a Level 6 felony.  We affirm.

# Issue

Davis raises a single issue in his brief, which we restate as whether the evidence is sufficient to convict Davis for theft.

# Facts

In July 2018, renovations were taking place in a classroom at Ivy Tech Community College's Fort Wayne North Campus in the Steel Dynamics Technology Center ("Ivy Tech"). On July 20, 2018, Ivy Tech placed an order for three fifty-five-inch Samsung televisions worth $445.75 each for a total value of $1,337.25. Professor Andrew Bell was responsible for the renovation of the classroom and requested the purchase of the three televisions. The televisions arrived at Ivy Tech around August 14, 2018, and the televisions were placed in the hallway outside the doors to the Construction Lab. The televisions were placed next to an overhead door, which led outside the building through a loading dock. A normal entry door was located next to the overhead door. The televisions were not obstructing the hallway, and there was no need to move them.

On September 17, 2018, Professor Bell discovered that the televisions were missing. Professor Bell reported the missing equipment to the facilities manager. Ivy Tech security personnel contacted Ivy Tech's security system contractor that maintained the video security system. Two cameras were located in the hallway where the televisions were stored. One camera faced the overhead door at the north end of the hallway and included a full view of the

walk-in door to the Construction Lab and a full view of the overhead door. The second camera faced southward down the same hallway.

[5] The security camera footage revealed that the televisions were moved from the view of the cameras by Davis on September 4, 2018. That same day, Davis was in the Technology Center attending a class. The video footage showed Davis walk up and down the hallway for thirty minutes, talk on his phone, stand near the televisions, and then move the televisions out of the view of the security cameras. Davis testified at the jury trial that he moved the televisions to the east side of the hallway upon the request of an individual inside the Construction Lab. After moving the televisions out of the view of the security cameras, Davis walked back down the hallway and returned to class. Upon finding that Davis moved the televisions, campus security reported his actions to law enforcement. The televisions were never recovered.

[6] On May 30, 2019, the State charged Davis with theft, a Level 6 felony. On September 24, 2019, a jury found Davis guilty of theft. The trial court sentenced Davis to two years in the Department of Correction. Davis now appeals his conviction.

## Analysis

[7] Davis challenges the sufficiency of the evidence for his theft conviction. When there is a challenge to the sufficiency of evidence, "[w]e neither reweigh the evidence nor judge witness credibility." *Gibson v. State*, 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State*, 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*),

*cert. denied.* Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler*, 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler*, 481 N.E.2d at 84); *see also McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007)).

[8] Pursuant to Indiana Code Section 35-43-4-2, the State was required to prove that Davis "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" The offense is a Level 6 felony if the value of the property "is at least seven hundred fifty dollars ($750) and less than fifty thousand dollars ($50,000)." Ind. Code § 35-43-4-2(a)(1). Davis challenges the sufficiency of the evidence on both the elements of "unauthorized control" and "intent to deprive."[1]

---

[1] Davis also argues that the "reasonable theory of innocence" jury instruction used by the trial court was confusing. Davis, however, does not challenge the use of the instruction or allege reversible error based on the instruction. Davis presents this argument only in the context of his sufficiency of the evidence argument.

[9] Circumstantial evidence alone may support a theft conviction. *Rogers v. State*, 902 N.E.2d 871, 875 (Ind. Ct. App. 2009). The mere presence at the crime scene with the opportunity to commit a crime is not a sufficient basis on which to support a conviction. *Willis v. State*, 27 N.E.3d 1065, 1068 (Ind. 2015). Presence at the scene, however, in connection with other circumstances tending to show participation, such as companionship with the one engaged in the crime, and the course of conduct of the defendant before, during, and after the offense, may raise a reasonable inference of guilt. *Id.*

[10] Here, the following circumstances support the theft conviction: (1) Davis was at Ivy Tech for class when the televisions disappeared; (2) Davis was in the hallway with the televisions for thirty minutes during the middle of class; (3) Davis was seen on video footage moving the televisions; (4) Davis' possession of the televisions occurred next to a normal-entry door and an overhead door; and (5) after Davis moved the televisions, they were no longer visible on the video footage and were subsequently reported missing.

[11] The crux of Davis' argument is his claim that someone from the Construction Lab asked him to move the televisions; therefore, he was authorized to move them and did not have the intent to deprive Ivy Tech of their use. Davis presents only his testimony to support his argument that he was authorized to

---

Davis also argues that the jury failed to follow the trial court's instructions with respect to reasonable doubt, the presumption of innocence, and circumstantial evidence. That argument, however, is also presented only in the context of his sufficiency of the evidence argument.

move the televisions. Professor Bell testified that the televisions were placed in their original location in the hallway because they were not obstructing anything and there would be no need to move them. The circumstantial evidence and the reasonable inferences that can be drawn therefrom supported the jury's conclusion that Davis was not authorized to move the televisions. To ask us to conclude otherwise would require us to reweigh the evidence, which we cannot do. *See Gibson*, 51 N.E.3d at 210.

[12] Based on all the evidence presented and reasonable inferences, the evidence was sufficient to convict Davis of theft. *See Meehan v. State,* 7 N.E.3d 255, 259 (Ind. 2014) (holding that the evidence was sufficient to sustain the defendant's conviction for burglary). The State presented sufficient evidence from which a reasonable factfinder could find that Davis knowingly or intentionally exerted unauthorized control over the televisions with the intent to deprive Ivy Tech of their value or use.

# Conclusion

[13] The evidence was sufficient to convict Davis of theft, a Level 6 felony. We affirm.

[14] Affirmed.

Mathias, J., concurs.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Mickey D. Davis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

Court of Appeals Case No.
19A-CR-2811

**Riley, Judge, dissenting.**

I respectfully dissent from the majority's opinion to affirm the trial court's decision, finding that the State presented sufficient evidence beyond a reasonable doubt that Davis committed theft. As acknowledged by the majority, it is well-established that "[m]ere presence at the crime scene with the opportunity to commit a crime is not a sufficient basis on which to support a conviction." *Pratt v. State*, 744 N.E.2d 434, 436 (Ind. 2001). Instead, presence at the scene in connection with other circumstances tending to show participation, such as companionship with the one engaged in the crime, and the course of conduct of the defendant, before, during, and after the offense, may raise a reasonable inference of guilt. *Maul v. State*, 731 N.E.2d 438, 439

(Ind. 2000). Here, there were no other circumstances presented to the trier of fact raising a reasonable inference of guilt than Davis' presence near the televisions in the hallway.

[16] The evidence reflects that video footage of the scene showed Davis pacing the corridor for approximately thirty minutes while talking on the phone. He then moved the televisions out of view of the cameras and in proximity of a normal entry door and an overhead door. Testimony was received, clarifying that the overhead door, which led to the exterior was egress only and not ingress, while the entry door was a "public access door" from which the public "could leave." (Tr. p. 66). After moving the televisions, Davis was seen on the video footage, to come down the hallway and return to the classroom. From this evidence, the majority draws the inference that Davis was not authorized to move the televisions. Yet, an equally reasonable inference can be made that if Davis had indeed availed himself of the opportunity to commit the theft and moved the televisions outside the building, he could not have returned through the same hallway as he would not have had any entry into the hallway. Accordingly, I must conclude that Davis' mere presence in the hallway, without more, is insufficient to support his conviction.