

FILED
Nov 12 2020, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew J. Sickmann
Boston Bever Forrest Cross & Sickmann
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael D. Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 12, 2020

Court of Appeals Case No.
20A-CR-1209

Appeal from the
Wayne Superior Court

The Honorable
Darrin M. Dolehanty, Judge

Trial Court Cause No.
89D03-1911-CM-1124

**Vaidik, Judge.**

# Case Summary

[1]     Michael D. Williams appeals his conviction for theft, which is based on him

finding and taking money left at a grocery-store self-checkout station by a

previous customer. We reverse, concluding that Williams's conduct does not constitute theft under Indiana law.

# Facts and Procedural History

On October 30, 2019, a man at the Kroger store in Richmond used a self-checkout station to make a purchase totaling $16.67. He paid with a $100 bill, resulting in change of $83.33. The $83 in cash and the coins were dispensed into separate trays. The man took the coins but got distracted and left the store without the cash. A second customer then approached the station and used a debit card to complete a transaction. After several minutes passed, Williams, an off-duty Kroger employee, approached the station and completed a transaction. He used a credit card, but he noticed the cash, put it in his pocket, and left the store. The man who left the cash behind later returned to the store to report what had happened. The store reviewed surveillance footage of the transactions and saw that Williams had taken the money. The store gave the man $83 "because it was an off-duty associate that had taken the money," Tr. p. 34, and then reported the incident to police.

The State charged Williams with Class A misdemeanor theft, alleging that he "did knowingly or intentionally exert unauthorized control over the property of Roger Stinson, to-wit: cash with the intent to deprive Roger Stinson of any part of the use or value of the property, contrary to Indiana law." Appellant's App. Vol. II p. 11. The case proceeded to a bench trial. While the charging information identified the victim as Roger Stinson, no person named Roger

Stinson testified, and no witness or exhibit identified Roger Stinson as the man who left the money behind. Nonetheless, the trial court found Williams guilty as charged and sentenced him to 180 days in jail, all suspended to probation.

[4] Williams now appeals.

# Discussion and Decision

[5] Williams contends the evidence is insufficient to support his conviction. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6] Williams argues his conviction must be reversed because the State did not present evidence establishing the identity of the man who left the $83 at the self-checkout station. The State does not dispute it failed to identify the man. Instead, it asserts it was not required to do so under the theft statute, which provides, "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor." Ind. Code § 35-43-4-2(a). According to the State, this language "requires only that

the State establish that the property was 'of another' and does not require proof of the victim's name." Appellee's Br. p. 8. But as Williams notes, "it is well settled that the name of the owner or possessor of property alleged to have been stolen is a material allegation which must be proven beyond a reasonable doubt." *Pryor v. State*, 889 N.E.2d 369, 371 (Ind. Ct. App. 2008) (applying an auto-theft statute that included language similar to the theft statute). We could reverse Williams's conviction for this reason alone.

[7] But there is a more fundamental problem with Williams's conviction. Indiana's theft statute does not criminalize the taking of lost or mislaid property, unlike statutes in many other states. *See* 3 Wayne R. LaFave, *Substantive Criminal Law* § 19.2(f) (3d ed. 2017). Indiana used to have such a statute, which provided:

> A person who obtains control over lost or mislaid property commits theft when he:
>
>> (1) knows or learns the identity of the owner or knows or learns of a reasonable method of identifying the owner, and
>>
>> (2) fails to take reasonable measures to restore the property to the owner, and
>>
>> (3) intends to deprive the owner permanently of the use or benefit of the property.
>
> Reasonable measures shall include, but not necessarily be limited to, notifying the identified owner or any peace officer.

Ind. Code § 35-17-5-5 (1976). However, the legislature repealed that statute over forty years ago. Acts 1976, P.L. 148 § 24. If such conduct is to be re-criminalized, that is a decision for the legislature. Under the existing theft statute, Williams's conviction cannot stand.

[8] Reversed.

Bailey, J., and Weissmann, J., concur.