


**FILED**

Apr 08 2024, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Edward A. Rose,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 8, 2024

Court of Appeals Case No.
23A-CR-2139

Appeal from the Noble Circuit Court

The Honorable Michael J. Kramer, Judge

Trial Court Cause Nos.
57C01-1708-F5-50
57C01-2206-F5-40

---

**Opinion by Judge Vaidik**
Judges May and Kenworthy concur.

**Vaidik, Judge.**

# Case Summary

[1] A sex or violent offender must register, among other things, their username for any "social networking web site." A website is a "social networking web site" if, among other things, it "provides a member with the opportunity to communicate with another person." We hold today that this element does not require the website to have a built-in messaging or chat function so long as it provides some way for a member to contact another person.

# Facts and Procedural History

[2] Edward A. Rose must register as a sex offender for life due to a 1997 child-molesting conviction. In 2018, Rose pled guilty to Level 5 felony failure to register as a sex or violent offender. The trial court sentenced him to five years, with three years to serve in prison and two years suspended to probation.

[3] Rose was released to probation in August 2021. The next month, the probation department filed a petition alleging that Rose violated several conditions of his probation. While the petition was still pending, the State charged Rose with four counts of Level 5 felony failure to register as a sex or violent offender and one count of Level 6 felony failure of a sex or violent offender to possess identification. On appeal, Rose challenges only three of these counts—Counts 2, 3, and 4. Specifically, these counts allege that Rose failed to register his online social-media accounts for three dating websites: Christianfilipina.com (Count 2), Jollyromance.com (Count 3), and Orchidromance.com (Count 4).

The probation department then filed a second petition alleging that Rose violated his probation by committing the new offenses.

[4] A bench trial was held on the new charges and the probation violations. Rose's probation officer testified that Rose admitted to her that he had accessed "chat rooms and dating websites" but had not registered his accounts with the Noble County Sheriff's Department. Tr. p. 90. The probation officer explained that she searched Rose's cell phone and took photos of various screens. The photos include three screenshots of Rose's profile on Jollyromance.com, two screenshots of his profile on Orchidromance.com, and two screenshots of text messages from "Joann" at Christianfilipina.com. Ex. 3 at 20-22, 27-28, 33-34. One of the text messages from "Joann" provides, in part:

> Hi Edward, this is Joann from Christian Filipina. It was great talking to you. As I promised, here's the reminder of the 4 items to write down. 1st-8:15 AM Eastern Time, September 5, 2021, you will be with Nestle, Christian Filipina's phone number 1-800-578-1469 . . . .

Ex. 3 at 33. The State also introduced into evidence a video of a police officer's interview of Rose. During the interview, Rose admitted creating accounts on the "dating websites" and looking at them but claimed he stopped because "they want credit cards or . . . you have to pay a bunch of money to **chat to somebody**." Ex. 5 (second video) at 3:15, 6:18, 14:47 (emphasis added).

[5] The trial court found Rose guilty on the five new counts and that he violated several conditions of his probation. The court sentenced Rose to four years for

each Level 4 felony and two years for the Level 6 felony, to be served concurrently. On the probation violations, the court ordered Rose to serve his previously suspended sentence of two years (minus credit time). The court ordered the two sentences to be served consecutively.

[6] Rose now appeals.

## Discussion and Decision

[7] Rose contends the evidence is insufficient to support his convictions for Counts 2, 3, and 4. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[8] To convict Rose of failure to register as a sex or violent offender, the State had to prove that he failed to register as required by Indiana Code chapter 11-8-8. *See* Ind. Code § 11-8-8-17. Rose had to register, among other things, "Any electronic mail address, instant messaging username, electronic chat room username, or **social networking web site username** that the sex or violent offender uses or intends to use." I.C. § 11-8-8-8(a)(7) (emphasis added). A "social networking web site username" means "an identifier or profile that

allows a person to create, use, or modify a social networking web site, as defined in IC 35-31.5-2-307." I.C. § 11-8-8-1.8. A "social networking web site," in turn, means

> an Internet web site, an application, a computer program, or software that:
>
> > (1) facilitates the social introduction between two (2) or more persons;
> >
> > (2) requires a person to register or create an account, a username, or a password to become a member of the web site and to communicate with other members;
> >
> > (3) allows a member to create a web page or a personal profile; **and**
> >
> > (4) provides a member with the opportunity to communicate with another person.
>
> The term does not include an electronic mail program or message board program.

I.C. § 35-31.5-2-307 (emphasis added).

[9] Rose concedes the evidence sufficiently proves that the three dating websites satisfy subsections (1)-(3) of Section 35-31.5-2-307. Appellant's Br. p. 12. He argues, however, that the evidence is insufficient to prove subsection (4) because the State presented no evidence "that the three web sites . . . provide members with the opportunity to communicate with another person." *Id.* at 12-

13 (footnote omitted). According to Rose, the State had to establish that the websites themselves had a "messaging or chat function." *Id.* at 13.

[10] Subsection (4) states that the website must provide "a member with the opportunity to communicate with another person." While evidence that the website has a built-in messaging or chat function would no doubt satisfy subsection (4),[1] that is not the only way to do so. So long as the website provides some way for a member to contact another person (such as by a phone number or email address), the website has furnished the member with an "opportunity to communicate." As the State highlights, there would be no point to a dating website if it didn't provide members with some way to communicate with each other.

[11] Here, Rose stated during his videotaped interview that the dating websites gave him an opportunity to "chat to somebody"; he just claimed he didn't want to pay for it. In other words, Rose admitted that the websites had some sort of messaging or chat function. But even without this evidence, Exhibit 3 shows that Joann from Christianfilipina.com texted Rose, thanked him for "talking" to her, and gave him a phone number and meeting date and time for Nestle. Thus, Christianfilipina.com provided Rose with an "opportunity to communicate" with another person. Based on this evidence and Rose's

---

[1] Count 1 alleges that Rose failed to register his Facebook account. On appeal, Rose says he is not challenging that conviction because it is well established that Facebook has a messaging feature. *See* Appellant's Br. p. 13 n.2.

admissions that the websites were dating websites and allowed him to "chat to somebody" if he paid the fee, it was reasonable for the trial court to infer that the other dating websites Rose joined provided a similar "opportunity to communicate." Because the State proved that the dating websites Rose joined were "social networking web sites," the evidence is sufficient to support Counts 2, 3, and 4.[2]

[12] Affirmed.

May, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

---

[2] Rose also argues that "[w]ithout the convictions on Counts [2], [3], and [4], the trial court may have exercised its discretion differently and imposed a lesser aggregate sentence for Counts [1] and [5]." Appellant's Br. p. 14. Accordingly, he asks us to remand the case to the trial court "to determine if a 4-year aggregate sentence is still appropriate without the convictions on Counts [2], [3], and [4]." *Id.* Because we find that the evidence is sufficient to support Counts 2, 3, and 4, we need not address this argument.