## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2017, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholas Martin, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 25, 2017 <br><br> Court of Appeals Case No. 49A02-1703-CR-503 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow-Davis, Judge <br><br> Trial Court Cause No. 49G16-1605-F6-20076 |

**Barnes, Judge.**

## Case Summary

[1] Nicholas Martin appeals his conviction for Level 6 felony strangulation. We affirm.

## Issue

[2] The issue before us is whether there is sufficient evidence to support Martin's conviction.

## Facts

[3] The evidence most favorable to the conviction is that on the evening of May 8, 2016, Martin, Dinisha Harris, Shilia Giles, Cilitha, and Patrice met for drinks at Cilitha's house in Indianapolis.[1] Martin drove the group to Tiki Bob's bar, from which they proceeded to a nightclub, Blue. Approximately twenty minutes later, Harris and Giles left the group behind at Blue and went to meet someone at a venue across the street. Martin, who had driven the group, sent belligerent text messages to Harris and Giles demanding to know their whereabouts and insisting that it was time to leave.

[4] When Harris and Giles reunited with the group, Martin berated them and called them "b******" and "s****" for leaving him at Blue. Tr. p. 11. En route to Cilitha's house, Martin, Giles, and Harris started fighting in the car. When

---

[1] The record does not include surnames for Cilitha or Patrice.

they arrived at Cilitha's house, Giles remained outside. Inside, Harris packed her belongings and prepared to leave.

Martin apologized and tried to persuade Harris to stay. As Harris walked away with her belongings, Martin struck the back of her head with his fist. A physical altercation ensued between Martin and Harris, with Cilitha trying to intervene. Harris ran for the door, but Martin caught her and "threw [her] on the couch and . . . choked [her]." *Id*. at 13. "He used both of his hands and he wrapped them around [her] neck and he squoze [sic]." *Id*. At trial, Harris testified that Martin hurt her and restricted her breathing.

Concerned that Harris was taking too long to emerge from the house, Giles knocked at the front door. When Cilitha unlocked the door, Giles entered and observed Harris crying.

Harris suffered an "extreme, extreme migraine" after the incident and sought medical treatment. *Id*. at 14. The following day, she reported the incident to police, who photographed her injuries – a split lip and a bruised arm – in the course of their investigation.

On May 31, 2016, the State charged Martin with Level 6 felony strangulation and class A misdemeanor battery. After a bench trial on February 9, 2017, Martin was found guilty on both counts, but the trial court merged the battery conviction with the strangulation conviction. He was sentenced to 365 days in jail, suspended to probation. The court also imposed a no-contact order and

ordered domestic violence counseling and electronic monitoring. Martin now appeals.

## Analysis

Martin argues there is insufficient evidence to support his conviction. We neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015) (citations and quotation marks omitted). We only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id*. A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*. It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the judgment. *Id*.

To convict Martin of strangulation as a Level 6 felony, the State was required to prove that he, in a rude, angry, or insolent manner, knowingly or intentionally applied pressure to Harris's throat or neck; or (2) obstructed Harris's nose or mouth in a manner that impeded her normal breathing or blood circulation. *See* Ind. Code § 35-42-2-9(b)(2016).[2] Martin argues that there was insufficient

---

[2] The legislature amended Indiana Code section 35-42-2-9, effective as of July 1, 2017, to provide that a person commits Level 6 felony strangulation if the person applies pressure to the torso of another person.

reliable evidence to sustain his conviction, given the parties' alcohol consumption, heightened emotions, and the lack of corroborating physical evidence – namely, the alleged inconsistency of Harris's injuries with strangulation of the neck and throat.

[11] Martin essentially asks us to reweigh the evidence, to assess the credibility of witnesses, and to favor his testimony over that of Harris and Giles. We cannot do so. Harris testified that, when she attempted to leave Cilitha's house, Martin placed his hands on her throat and squeezed, causing her pain and rendering her unable to breathe. She also testified that she suffered a migraine afterwards. Giles testified that she saw Harris crying immediately after the incident. In his testimony, Martin conceded that he insulted and tried to grab Harris, but he denied "know[ing] where any of the strangulation stuff [allegations] came from." Tr. p. 45.

[12] The trial court was in the best position to weigh the evidence and to assess the witnesses' credibility, and it was unpersuaded by Martin's testimony. Nor are we persuaded that Harris's testimony was unreliable because of alcohol use, heightened emotions, and the alleged lack of corroborating physical evidence of strangulation. The lack of corroborating evidence bears on the victim's credibility, and we treat the issue like any other issue concerning the credibility of witnesses; we do not judge the credibility of witnesses. *Griffith v. State,* 59 N.E.3d 947, 958 (Ind. 2016). Moreover, the State presented testimony of more than one witness. Giles's testimony that Harris was crying after the incident certainly bolsters Harris's testimony.

The State presented substantial evidence of probative value that Martin squeezed Harris's throat such that she could not breathe. Sufficient evidence exists to sustain Martin's conviction for strangulation.

## Conclusion

Sufficient evidence supported Martin's conviction. We affirm his conviction for Level 6 felony strangulation.

Affirmed.

May, J., and Bradford, J., concur.