## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

09/18/2017, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Vibbert,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 18, 2017

Court of Appeals Case No.
49A04-1704-CR-665

Appeal from the Marion Superior
Court

The Honorable Angela Dow
Davis, Judge

Trial Court Cause No.
49G16-1603-CM-12242

**Barnes, Judge.**

# Case Summary

[1] James Vibbert appeals his conviction for Class A misdemeanor domestic battery.  We affirm.

# Issue

[2] Vibbert raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

[3] On March 25, 2016, Samantha Vibbert was at her parents' apartment in Indianapolis with Vibbert, and she and Vibbert got into an argument.[1] Samantha told him to leave, and he went outside to his vehicle where he started sending threatening texts to Samantha.  Samantha went outside to talk to Vibbert and sat in his truck.  They started arguing again, and Vibbert punched Samantha twice and put her "in a chokehold."  Tr. Vol. II p. 12.  Samantha was able to get out of the vehicle, and she returned to her parents' apartment. Samantha's stepmother, Mari Capps, saw that Samantha's lip was bleeding.

[4] The State charged Vibbert with Class A misdemeanor domestic battery and Class A misdemeanor battery resulting in bodily injury.  Vibbert represented himself at a bench trial, and the trial court found him guilty as charged.  The

---

[1] Samantha testified that they got married in February 2016.  Vibbert testified that he was married to Samantha but later discovered that he was "never divorced from [his] second wife."  Tr. Vol. II p. 60. According to Vibbert, a court in Kentucky invalidated the marriage.

trial court entered judgment of conviction on the domestic battery charge and sentenced Vibbert to 365 days suspended to probation. Vibbert now appeals.

## Analysis

Vibbert challenges the sufficiency of the evidence to sustain his conviction. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

At the time of Vibbert's offense, Indiana Code Section 35-42-2-1.3(a)[2] provided:

> A person who knowingly or intentionally touches an individual who:
>
> (1) is or was a spouse of the other person;

---

[2] Indiana Code Section 35-42-2-1.3 was later amended by Pub. L. No. 65-2016, § 34 (eff. July 1, 2016).

(2) is or was living as if a spouse of the other person as provided in subsection (c); or

(3) has a child in common with the other person;

in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

[7] Vibbert does not dispute that he was either married to Samantha or living with her as if he was her spouse. Rather, he argues that he did not hit Samantha and that her testimony is insufficient to sustain the conviction.

[8] Vibbert merely requests that we reweigh the evidence, which we cannot do. *Willis*, 27 N.E.3d at 1066. The State presented evidence through Samantha's testimony that Vibbert punched her twice and put her in a chokehold. Capps testified that Samantha's lip was bleeding after Samantha talked to Vibbert. This evidence is sufficient to sustain Vibbert's conviction for Class A misdemeanor domestic battery.

## Conclusion

[9] The evidence is sufficient to sustain Vibbert's conviction. We affirm.

[10] Affirmed.

May, J., and Bradford, J., concur.