## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 06 2018, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Taylor D. Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 6, 2018

Court of Appeals Case No.
89A05-1709-CR-2245

Appeal from the Wayne Superior Court

The Honorable Gregory A. Horn, Judge

Trial Court Cause No.
89D02-1403-FB-005

**Barnes, Senior Judge.**

# Case Summary

[1] Taylor Johnson appeals his conviction for Class B felony aggravated battery. We affirm.

# Issue

[2] Johnson raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

[3] On January 20, 2014, Michael Cohee and his wife, Lori, were playing pool at the E Street Pub in Richmond. Cohee, who is Caucasian, was either excited about a pool shot or joking with his friends and used a racial slur in his conversation. The racial slur was not directed at any person. Johnson, who is African American, was also playing pool, overheard the slur, and reacted angrily. Johnson hit Cohee on the hand with a pool cue. Eventually, the bar's security, Joshua Hayes, escorted Johnson out of the bar. Hayes asked the Cohees to leave a few minutes later.

[4] After the Cohees left the bar, Johnson confronted them. Johnson tried to punch Cohee, but Cohee was able to block the first punch. When Johnson punched Cohee again, Cohee's feet came off the ground, and his head hit a concrete wall. Cohee was knocked unconscious, and he was transported to the local hospital. Cohee had a fracture to the back of his skull, an intracranial hemorrhage, and an injury to the brain tissue. He was transferred to Methodist Hospital in Indianapolis, where he remained for the next month. Physicians

had to drill a hole in his skull to relieve pressure and place him in a coma. He was eventually transferred to a rehabilitation hospital, where he had to learn to swallow, walk, talk, and eat again. He has long-term side effects from the injury, including a seizure disorder, memory problems, and weakness and numbness on his right side.

[5] The State charged Johnson with two counts of Class B felony aggravated battery, and a jury found Johnson guilty as charged.[1] The trial court sentenced him only on the first aggravated battery charge and sentenced him to ten years in the Indiana Department of Correction. Johnson now appeals.

## Analysis

[6] Johnson argues that the evidence is insufficient to sustain his conviction. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves

---

[1] Count I alleged that Johnson knowingly or intentionally inflicted injury on a person that created a substantial risk of death. Count II alleged that Johnson knowingly or intentionally inflicted injury on a person that caused protracted loss or impairment of the function of a bodily member or organ.

each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

[7]     At the time of the offense, Indiana Code Section 35-42-2-1.5, which governs the offense of aggravated battery, provided:

> A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:
>
> (1) serious permanent disfigurement;
>
> (2) protracted loss or impairment of the function of a bodily member or organ; or
>
> (3) the loss of a fetus;
>
> commits aggravated battery, a Class B felony.

Count I alleged that Johnson knowingly or intentionally inflicted an injury on a person that created a substantial risk of death.

[8]     Johnson concedes that the injury suffered by Cohee created a substantial risk of death. However, he contends that "there is no evidence that Mr. Johnson intended to cause or create those particular injuries." Appellant's Br. p. 18. Johnson argues that "knowingly or intentionally" mens rea applies to each element of the offense including the creation of a substantial risk of death. According to Johnson, Cohee's severe injuries were "an unforeseeable result of

Mr. Johnson's intended battery." *Id.* at 15. Johnson contends that "[a] single punch to the face should be insufficient as a matter of law for a jury to reasonably infer that a puncher intended an aggravated battery." *Id.* at 14.

[9] Johnson acknowledges that this interpretation conflicts with *Lowden v. State*, 51 N.E.3d 1220 (Ind. Ct. App. 2016), *trans. denied*. In *Lowden*, the defendant's single punch knocked the victim unconscious and broke his jaw in two places. The defendant was found guilty of aggravated battery. On appeal, we held that "the severity of the injury is not an element of the prohibited conduct, but a result of it." *Lowden*, 51 N.E.3d at 1223. "Accordingly, the State was required to prove only that Lowden knowingly or intentionally inflicted injury upon [the victim] and not that Lowden knew he would cause serious bodily injury." *Id.* We decline Johnson's invitation to "limit the holding in *Lowden* or reverse it entirely." Appellant's Br. p. 24. Rather, based on *Lowden*, the State was not required to prove that Johnson intended Cohee's severe injuries.

[10] The State presented evidence that Johnson punched Cohee with sufficient force to knock Cohee off his feet and hit his head on a concrete wall. The injury caused severe injuries, including a "severe traumatic brain injury." Tr. Vol. II p. 63. Cohee almost died because of the injuries. The evidence is sufficient to

demonstrate that Johnson intentionally inflicted injury on Cohee and that the injury created a substantial risk of death.[2]

## Conclusion

[11] The evidence is sufficient to sustain Johnson's conviction for Class B felony aggravated battery.

[12] Affirmed.

Vaidik, C.J., and Pyle, J., concur.

---

[2] Johnson also seems to argue that that Cohee's alcohol consumption or ice on the ground caused his injuries. Johnson made this argument to the jury, and the jury rejected the argument. Johnson is merely asking that we reweigh the evidence, which we cannot do. *Willis*, 27 N.E.3d at 1066.