FILED

Oct 29 2020, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerome Gibbs, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 29, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-770 <br><br> Appeal from the <br> Marion Superior Court <br><br> The Honorable <br> Mark Stoner, Judge <br><br> The Honorable <br> Jeffrey Marchal, Magistrate <br><br> Trial Court Cause No. <br> 49G06-1905-F5-20339 |

**Vaidik, Judge.**

# Case Summary

[1] Domestic battery is generally a Class A misdemeanor but is elevated to a Level 5 felony if, among other reasons, it results in bodily injury to a family or household member who has a mental or physical disability and who is in the care of the defendant. Jerome Gibbs was convicted under this provision, and he appeals, arguing the State failed to prove the victim was in his care. We agree and therefore remand this matter to the trial court for the entry of a conviction and sentence for a Class A misdemeanor.

# Facts and Procedural History

[2] On May 16, 2019, Gibbs was in an alley on the east side of Indianapolis with his girlfriend, Tonja Smith. Gibbs was on foot, and Smith, who was obese, had bad knees, and struggled to stand, was on an electric scooter. They argued, and Gibbs knocked Smith off her scooter onto the ground and then shoved her back down when she tried to get up. As a result, Gibbs suffered injuries to her face, hand, and knee.

[3] The State charged Gibbs with domestic battery as a Level 5 felony under Indiana Code section 35-42-2-1.3(c)(5)(B), which applies if the battery results in bodily injury to "[a] family or household member who has a mental or physical disability if the offense is committed by an individual having care of the family or household member with the disability, regardless of whether the care is

assumed voluntarily or because of a legal obligation."[1] The case proceeded to a bench trial in February of this year. The trial court found Gibbs guilty as charged and sentenced him accordingly.

[4] Gibbs now appeals.

# Discussion and Decision

[5] Gibbs contends the evidence is insufficient to support his conviction for domestic battery as a Level 5 felony. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6] A person who knowingly or intentionally touches a family or household member in a rude, insolent, or angry manner commits domestic battery, a Class A misdemeanor. Ind. Code § 35-42-2-1.3(a)(1). But as noted above, the offense

---

[1] Regarding the "family or household member" element, Gibbs was not married or related to Smith, and there is no evidence that the two were living together. However, an individual is considered a "family or household member" of another person if the individual "is dating or has dated the other person" or "is or was engaged in a sexual relationship with the other person[.]" Ind. Code § 35-31.5-2-128(a)(2), (3). At trial, Gibbs acknowledged he was in a "dating" and "sexual" relationship with Smith. Tr. p. 38.

is a Level 5 felony if, among other things, it results in bodily injury to a family or household member who has a mental or physical disability and who is in the care of the defendant, either because the defendant voluntarily assumed the care or is under a legal obligation to provide it. *Id.* at (c)(5)(B). To convict Gibbs under this provision, the State had to prove beyond a reasonable doubt that (1) Gibbs knowingly or intentionally touched Smith in a rude, insolent, or angry manner, (2) Smith was injured as a result, (3) Smith was a member of Gibbs's family or household, (4) Smith had a mental or physical disability, and (5) Smith was in Gibbs's care.

[7]     Gibbs does not dispute the first four elements. He argues only that the State failed to prove Smith was in his care and that as a result his conviction should be reduced to a Class A misdemeanor. In response, the State does not contend Gibbs had a "legal obligation" to care for Smith. Therefore, the issue is whether there is sufficient evidence to support a conclusion that Gibbs voluntarily assumed care of Smith. There is not.

[8]     The domestic-battery statute does not define "care," and the parties do not direct us to any other statute that defines what it means for a person to be in another person's "care." The State asserts "Gibbs assumed the care of Smith voluntarily through being in a relationship with a woman who is disabled and unable to walk." Appellee's Br. p. 11. There are two problems with this argument. First, there was no evidence presented that Smith was in anyone's care, let alone Gibbs's care, or that she even needed or wanted any care. In fact, the word "care" was never uttered at trial—by a witness, by counsel, or by the

trial court. The State's argument assumes that any person who is unable to walk needs to be cared for by another person, which is obviously not the case. Second, even if Gibbs needed some level of care because of her disability, the State cites no authority supporting the proposition that anybody who enters a romantic relationship with such a person necessarily assumes the care of that person.

[9] The State adds, "By entering an intimate relationship with Smith, Gibbs would have cared for Smith and assisted Smith in carrying out activities like picking up, retrieving, or moving items when alone with Smith and assisting her in moving from one area to another, thereby providing physical or psychological comfort." *Id.* But this is just another unsupported assumption. While evidence that a defendant assisted another person "in carrying out activities like picking up, retrieving, or moving items" or "moving from one area to another" might help demonstrate that the defendant assumed "care" as required by the statute, there is no such evidence in this case. All we know is Gibbs was Smith's boyfriend and he was with her while she was on her scooter. That evidence, standing alone, is an insufficient basis on which to conclude Gibbs voluntarily assumed care of Smith. Therefore, we reverse Gibbs's Level 5 felony conviction and remand this matter to the trial court with instructions to enter a conviction and sentence for Class A misdemeanor domestic battery.

[10] Reversed and remanded.

Bailey, J., and Weissmann, J., concur.