## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demarco Delray Johnson, *Appellant-Defendant,* | December 28, 2020 |
| v. | Court of Appeals Case No. 20A-CR-1476 |
| | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable David D. Kiely, Judge |
| | The Honorable Gary J. Schutte, Magistrate |
| | Trial Court Cause No. 82C01-1908-F6-5333 |

**Vaidik, Judge.**

# Case Summary

[1] DeMarco Delray Johnson was convicted of Class A misdemeanor invasion of privacy for violating a no-contact order. He now appeals, arguing the evidence is insufficient to support his conviction. We affirm.

# Facts and Procedural History

[2] On June 11, 2019, the State charged Johnson with Level 6 felony residential entry for breaking and entering the Evansville home of Timothy and Merry Patrick. An initial hearing was held the next day, June 12. Although the initial hearing has not been transcribed, the CCS entry reflects the trial court ordered Johnson to have "[n]o contact with Merr[y] Patrick or Timothy Patrick." Ex. 4, p. 12.

[3] Later that same day, Johnson asked his cellmate, Fitolay Demesmin, to write a letter to the Patricks asking them to drop the case. Johnson explained the trial court had issued a no-contact order prohibiting him from contacting the Patricks and "he didn't want to get in trouble for contacting" them himself. Tr. p. 103. Johnson asked Demesmin to include in the letter he did not know Demesmin was writing the letter "so that way if [the police] [found] out about it," "he could say he didn't know." *Id.* at 103, 104. Demesmin did as he was asked and began his letter to the Patricks as follows: "I'm writing you on behalf of a mutual friend. He doesn't know that I'm writing you." Ex. 2, p. 7. The letter was dated June 12.

[4] The next day, June 13, the trial court issued a written no-contact order, which prohibited Johnson from "directly or indirectly" contacting the Patricks. Ex. 5, p. 24. The Patricks received Demesmin's letter on June 14 and contacted the police. The State charged Johnson with Class A misdemeanor invasion of privacy. A jury found him guilty, and the trial court sentenced him to one year in jail.[1]

[5] Johnson now appeals.

# Discussion and Decision

[6] Johnson contends the evidence is insufficient to support his conviction. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the verdict and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[7] To convict Johnson of Class A misdemeanor invasion of privacy as charged here, the State had to prove beyond a reasonable doubt he knowingly violated

---

[1] The trial court consolidated the residential-entry and invasion-of-privacy cause numbers, and a jury trial was held on both counts. The jury found Johnson not guilty of residential entry.

the no-contact order, which prohibited him from directly or indirectly contacting the Patricks. *See* Ind. Code § 35-46-1-15.1(a)(11); Appellant's App. Vol. II p. 16; Ex. 5, p. 24. Johnson argues the State failed to prove he knew he was prohibited from indirectly contacting the Patricks. He notes the CCS entry does not reflect indirect contact was specifically prohibited, the State did not have the initial hearing transcribed—which would have shown exactly what the trial court advised him, and the written no-contact order—which clarified indirect contact was prohibited—was not issued until the day after the letter was written.

[8] Even without the transcript from the initial hearing, the evidence shows Johnson knew he was prohibited from indirectly contacting the Patricks. After the initial hearing, Johnson returned to the jail and asked his cellmate to write a letter to the Patricks asking them to drop the case. Johnson did not simply ask Demesmin to write a letter to the Patricks on his behalf. Johnson also asked Demesmin to pretend he did not know the letter was being written so he could later claim he knew nothing about it. This was strong evidence from which the jury could reasonably conclude Johnson knew he was prohibited from indirectly contacting the Patricks. Accordingly, we affirm Johnson's conviction for invasion of privacy.

[9] Affirmed.

Brown, J., and Pyle, J., concur.