

# IN THE
# Court of Appeals of Indiana

Gregory D. Smith Jr.,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Feb 20 2026, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

February 20, 2026

Court of Appeals Case No.
25A-CR-1764

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-2408-F3-000027

---

**Opinion by Judge Felix**
Judges May and Mathias concur.

**Felix, Judge.**

## Statement of the Case

A jury found Gregory Smith Jr. guilty of raping and criminally confining K.H., among other related offenses. Smith now appeals and raises two issues for our review:

1. Whether the State presented sufficient evidence to support his rape conviction; and
2. Whether Smith's convictions for rape and criminal confinement violate Indiana's protection against substantive double jeopardy.

We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

On August 7, 2024, Smith and K.H. were both at Lafayette Transitional Housing Center ("LTHC") in Tippecanoe County. Smith and K.H. were talking to one another in LTHC's dayroom, and K.H. got up to go outside to vape. Smith asked K.H. to sit back down and then told K.H. that "he would hurt [K.H.] if [K.H.] didn't sit down." Tr. Vol. II at 110. Smith told K.H. that "[h]e would hit [K.H.] in [the] face if [he] didn't sit next to him." *Id.* at 133. Smith directed K.H. to sit "[r]ight in front of him" at the table where Smith was already sitting. *Id*. at 110. Smith's demeanor was "very aggressive." *Id.* at 140. K.H. believed Smith "wasn't joking" and "his words were like violent." *Id.* at 132. K.H. complied with Smith's request, spoke with him for a few minutes, and then got up again. K.H. went outside and sat at a table to vape. Smith followed K.H. outside and pulled K.H. down by his shirt when he got up to

leave. Smith then "started to grope" K.H., "tried to kiss [K.H.], grab[bed K.H.'s] neck," and digitally penetrated K.H.'s anus. *Id.* at 116. While this was happening, K.H. "was thinking about like how [he] was going to like get help without one like scaring [Smith] off or like getting attacked." *Id.* at 123. K.H. felt like he could not leave because Smith was "pulling [him] closer." *Id.* at 118. Smith was "over six foot" tall and weighed approximately 240 pounds, *id.* at 182; K.H. was 5 feet and 8 inches tall and weighed approximately 140 pounds. Smith stopped once K.H. told him that he was "uncomfortable" and "had to go to the bathroom." *Id.* at 117.

[4] K.H. found an LTHC employee and asked her to call law enforcement because Smith had "stuck his hands down the back of [K.H.'s] pants." Tr. Vol. II at 39. Thereafter, K.H. reported the incident to law enforcement.

[5] The State charged Smith with rape as a Level 3 felony,[1] attempted rape as a Level 3 felony,[2] criminal confinement as a Level 6 felony,[3] and sexual battery as a Level 6 felony[4]; the State also alleged that Smith is a habitual offender[5]. The jury found Smith guilty as charged, and he admitted to being a habitual offender. Due to double jeopardy concerns, the trial court entered judgment of

---

[1] Ind. Code § 35-42-4-1(a)(1).

[2] I.C. §§ 35-42-4-1(a)(1), 35-41-5-1.

[3] I.C. § 35-42-3-3(a).

[4] I.C. § 35-42-4-8(a)(1)(A).

[5] I.C. § 35-50-2-8.

conviction on only the rape and criminal confinement counts. For these two convictions and the habitual offender enhancement, the trial court sentenced Smith to a total of 20 years of incarceration,[6] with three of those years suspended to probation. This appeal ensued.

## Discussion and Decision

### 1. The State Presented Sufficient Evidence to Support Smith's Rape Conviction

[6] Smith argues that the State presented insufficient evidence at trial to support his conviction for rape. Our standard of review for such a claim is as follows:

> "A conviction is supported by sufficient evidence if 'there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024) (quoting *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015)). This Court reviews only the evidence most favorable to the verdict and the reasonable inferences therefrom, and will reverse only where it is shown that "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Teising* [*v. State*], 226 N.E.3d [780,] 783 [(Ind. 2024)].

---

[6] The trial court sentenced Smith to 12 years for the rape plus 8 years for the habitual offender enhancement, and 2 years for the criminal confinement. The trial court ordered the rape and criminal confinement sentences be served concurrently.

*Konkle v. State*, 253 N.E.3d 1068, 1090–91 (Ind. 2025). We do not reweigh the evidence or reassess witness credibility. *Id.* at 1090 (quoting *Teising*, 226 N.E.3d at 783).

[7] In order to convict Smith of rape as a Level 3 felony under Indiana Code section 35-42-4-1(a)(1), the State had to prove beyond a reasonable doubt that Smith (1) knowingly or intentionally caused K.H. to perform or submit to other sexual conduct, and (2) compelled K.H. by force or imminent threat of force. Smith argues only that the State failed to present sufficient evidence that he compelled K.H. by force or imminent threat of force.

[8] The presence or absence of force—whether physical or not—may be inferred from the circumstances, *Bryant v. State*, 644 N.E.2d 859, 860 (Ind. 1994), and is determined from the victim's perspective, *Tobias v. State*, 666 N.E.2d 68, 72 (Ind. 1996). "Indeed, the issue is simply 'whether the victim perceived the aggressor's force or imminent threat of force as compelling [his or] her compliance.'" *Morales v. State*, 227 N.E.3d 183, 189 (Ind. Ct. App. 2024) (quoting *Newbill v. State*, 884 N.E.2d 383, 392 (Ind. Ct. App. 2008)), *trans. denied*, 233 N.E.3d 400 (Ind. 2024).

[9] Here, the probative evidence and reasonable inferences supporting the verdict show that Smith threatened K.H. with physical violence shortly before the physical contact; K.H. perceived Smith as "very aggressive," Tr. Vol. II at 140, and "violent," *id.* at 132; Smith was substantially larger than K.H.; once outside, Smith pulled K.H. down by his shirt when K.H. tried to leave; and

when Smith was touching K.H. outside, K.H. was afraid Smith would "attack[]" him if he told him to stop, *id.* at 123, and felt like he could not leave because Smith kept "pulling [him] closer," *id.* at 118. While it is true that K.H. testified that Smith did not expressly threaten him while they were outside, the jury could have reasonably inferred from the circumstances that K.H. perceived Smith's actions and prior threat as force or imminent threat of force. Smith's appellate argument to the contrary is a request to reweigh this evidence and reassess witness credibility, which we cannot do, *see Konkle*, 253 N.E.3d at 1090 (quoting *Teising*, 226 N.E.3d at 783). Based on the foregoing, we cannot say the State failed to present sufficient evidence to support Smith's rape conviction.

## 2. Smith's Convictions for Rape and Criminal Confinement Violate Indiana's Protection Against Double Jeopardy

[10] Smith contends his convictions for rape as a Level 3 felony and criminal confinement as a Level 6 felony are contrary to Indiana's protection against double jeopardy. We review such questions de novo. *A.W. v. State*, 229 N.E.3d 1060, 1064 (Ind. 2024) (citing *Wadle v. State*, 151 N.E.3d 227, 237 (Ind. 2020); *Powell v. State*, 151 N.E.3d 256, 262 (Ind. 2020)).

[11] Indiana's protection against substantive double jeopardy prohibits "multiple convictions for the same offense in a single proceeding." *A.W.*, 229 N.E.3d at 1066. To determine if a substantive double jeopardy violation has occurred, we apply a "three-part test based on statutory sources." *Id.* First, we look to the statutory language of the offenses at issue; if that language "clearly permits

multiple punishments," then "there is no violation of substantive double jeopardy" and we end our analysis. *Id.* (quotation marks omitted). Second, we assess whether the charges are inherently included or factually included as charged. *Id.* at 1068. When "'neither offense is an included offense of the other (either inherently or as charged), there is no violation of double jeopardy' and the analysis ends—full stop." *Id.* at 1067 (quoting *Wadle*, 151 N.E.3d at 248). Third, we "examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial." *Id.* at 1071 (emphasis omitted) (quoting *Wadle*, 151 N.E.3d at 249).

[12] Here, Smith and the State agree that the first step is not dispositive, so we proceed to the second step. At this step, we first "apply our included-offense statutes" to determine if one offense is inherently included it the other. *A.W.*, 229 N.E.3d at 1066 (quoting *Wadle*, 151 N.E.3d at 248). The State argues criminal confinement is not *inherently* included in rape, but it concedes the charging informations are ambiguous such that the criminal confinement count is *factually* included in the rape count and a presumptive double jeopardy violation exists. *See id.* at 1069.

[13] Proceeding to step three, the State bears the burden of rebutting the presumptive double jeopardy violation by using the facts presented at trial to demonstrate a "distinction between what would otherwise be two of the 'same' offenses." *A.W.*, 229 N.E.3d at 1071. It is at this step that we "probe the underlying facts—as presented in the charging instrument and adduced at trial—to determine whether a defendant's actions were 'so compressed in terms of time,

place, singleness of purpose, and continuity of action as to constitute a single transaction.'" *Id.* (quoting *Wadle*, 151 N.E.3d at 249). Importantly, "there is no absolute rule regarding the exact amount of time necessary between acts to consider them separate," but "temporal breaks and intervening acts enable the defendant to form a new criminal intent, rendering the acts separate and distinct." *Brabson v. State*, 242 N.E.3d 519, 524 (Ind. Ct. App. 2024) (citing *Gammage v. State*, 277 So.3d 735, 742 (Fla. Dist. Ct. App. 2019)), *trans. not sought*. "If the underlying facts reveal the two offenses are indeed 'separate,'" there is no double jeopardy violation. *A.W.*, 229 N.E.3d at 1071 (quoting *Wadle*, 151 N.E.3d at 249). If, however, the "facts show only a single continuous crime, and one statutory offense is included in the other," the State may not obtain cumulative convictions. *Id.* (quoting *Wadle*, 151 N.E.3d at 249).

[14] Smith argues that step three shows the criminal confinement was part of the same transaction as the rape. The State contends the criminal confinement count was limited to Smith's actions inside LTHC, and the rape count was limited to Smith's actions outside LTHC.[7] However, in arguing that sufficient evidence supports Smith's rape conviction, the State acknowledges that K.H.'s

---

[7] In the alternative, the State asserts that Smith invited any double jeopardy error. Specifically, the State points to a colloquy at the sentencing hearing regarding double jeopardy, during which Smith stated, "I'm not sure that I could, there's a legitimate argument I have for the Confinement to merge, so." Tr. Vol. III at 3. Without more, we cannot say this singular statement was "part of a deliberate, well-informed trial strategy" such that it amounts to invited error. *See Miller v. State*, 188 N.E.3d 871, 876 (Ind. 2022) (internal quotation marks omitted) (quoting *Batchelor v. State*, 119 N.E.3d 550, 558 (Ind. 2019)).

fear of Smith was rooted in the physical threats Smith made to K.H. "immediately prior to the incident outside," that is, Smith's actions inside LTHC. Appellee's Br. at 12. Moreover, the State argued at trial that the rape count included everything that happened inside and outside LTHC:

> We heard [K.H.] talk about [Smith] making the threats to him while he was in the dayroom and while he had the opportunity to get away, [K.H.] got away and then the Defendant came shortly after so he intentionally left the dayroom to go towards [K.H.] in the patio area when he committed these acts. . . . And then the final element is when [K.H.] was compelled by force or the imminent threat of force. . . . And we heard that [K.H.] sensed the imminence as he's sitting there on the patio. He said he was concerned for his safety. He told you that he couldn't get away because he was concerned that the Defendant might react in a way that would harm him. And then if you look closely at the video again, you'll see that [K.H.] tries to get up and pull his shirt down directing [K.H.] to sit down.

Tr. Vol. II at 199–200. As for the criminal confinement count, the State argued the evidence supporting that count came from one of the videos[8] of the incident and K.H.'s "testimony about what happened that day." *Id.* at 201.

[15] The facts presented at trial—and as summarized by the State in closing—do not demonstrate a distinction between the rape and criminal confinement charges. Rather, those facts show a single continuous crime. The State thus failed to

---

[8] Multiple videos were admitted into evidence, and it is unclear to which video the State was referring during this part of its closing argument.

rebut the presumptive double jeopardy violation, *see A.W.*, 229 N.E.3d at 1071, and Smith has established that the trial court violated his substantive double jeopardy rights when it entered its judgment of conviction for both rape and criminal confinement. In this scenario, we reverse "the conviction with the lesser penalty," *Eversole v. State*, 251 N.E.3d 604, 609 (Ind. Ct. App.) (citing *Wadle*, 151 N.E.3d at 256), *trans. denied*, 259 N.E.3d 998 (Ind. 2025), that is, Smith's conviction for criminal confinement.

## Conclusion

In sum, the State presented sufficient evidence to support Smith's rape conviction, and Smith has established that his rape and criminal confinement convictions violate Indiana's prohibition against substantive double jeopardy. We therefore affirm Smith's rape conviction, reverse Smith's criminal confinement conviction and accompanying sentence, and remand to the trial court with instructions to vacate the criminal confinement conviction and sentence.

Affirmed, reversed in part, and remanded with instructions.

May, J., and Mathias, J., concur.

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Brandyn L. Arnold
Deputy Attorney General
Indianapolis, Indiana